# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8775 | **DATE** | 4/4/2013 |
| **CASE TITLE** | Frazier vs. U.S. Bank National Association et al | | |

**DOCKET ENTRY TEXT**

The Court grants in part and denies in part Applebrook Realty, Inc.'s Motion to Dismiss and Motion for a More Definite Statement pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e) and Motion to Strike under Federal Rule of Civil Procedure 12(f) [55]. **The deadline for the close of personal jurisdiction discovery is 4/26/13 and for fact discovery 9/03/13.**

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

Before the Court is Defendant Applebrook Realty, Inc.'s ("Applebrook") Motion to Dismiss and Motion for a More Definite Statement pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e) and Motion to Strike under Federal Rule of Civil Procedure 12(f). For the following reasons, the Court grants in part and denies in part the Motions.

## BACKGROUND

Plaintiff Samuel Frazier filed this putative class action suit against Defendants US Bank National Association as "Trustee for the C-Bass Mortgage Loan Asset-Backed Certificates, Series 2006-CB1 ("US Bank"), Ocwen Financial Corporation, LP ("Ocwen"), Litton Loan Servicing, LP, ("Litton"), Applebrook Realty, Inc., and Does 1-20, alleging violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/2 *et seq.*, as well as common law conversion and trespass to land and chattels claims. (R.1, Compl. ¶¶ 67-115.) Plaintiff further seeks injunctive relief. (*Id.* ¶ 3.) Applebrook moves to dismiss Plaintiff's ICFA and FDCPA claims pursuant to Rule of Civil Procedure 12(b)(6), to strike the request for attorney's fees pursuant to Federal Rule of Civil Procedure 12(c), and for a more definite statement under Federal Rule of Civil Procedure 12(e). The Court assumes familiarity with the factual background for the case as set forth in its Opinion granting in part and denying in part US Bank's, Ocwen's, and Litton's Motion to Dismiss (the "Joint Motion to Dismiss"). (R. 90.)

| | Courtroom Deputy Initials: | KF |
|---|---|---|

**LEGAL STANDARDS**

I.     **Federal Rule of Civil Procedure 12(b)(6)**

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934-35 (7th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted)). "The complaint 'must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Id.* at 935 (citing *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008)). "[A] plaintiff's claim need not be probable, only plausible: 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (citing *Twombly*, 550 U.S. at 556 (internal quotation omitted)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2007) (internal quotation and citation omitted). "To meet this plausibility standard, the complaint must supply 'enough fact[s] to raise a reasonable expectation that discovery will reveal evidence' supporting the plaintiff's allegations." *Id.* (citing *Twombly*, 550 U.S. at 556). "In evaluating the sufficiency of the complaint, [courts] view it in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from the allegations in the plaintiff's favor." *See AnchorBank*, 649 F.3d at 614.

II.     **Federal Rule of Civil Procedure 12(e)**

Under Federal Rule of Civil Procedure 12(e), a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. Fed. R. Civ. P. 12(e). Rule 12(e) motions are appropriate when a "pleading fails to specify the allegations in a manner that provides sufficient notice." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513-14, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). The rule "is designed to strike at unintelligibility rather than want of detail." *Gardunio v. Town of Cicero*, 674 F. Supp. 2d 976, 992 (N.D. Ill. 2009). Accordingly, motions for a more definite statement are generally disfavored. *Metz v. Joe Rizza Imports, Inc.*, 700 F. Supp. 2d 983, 992 (N.D. Ill. 2010).

III.     **Federal Rule of Civil Procedure 12(f)**

"Rule 12(f) provides that a district court 'may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" *Delta Consulting Grp., Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009) (quoting Fed. R. Civ. P. 12(f)). Motions to strike are appropriate if they serve to expedite litigation. *See Heller Fin., Inc. v. Midwhey Powder*, 883 F.2d 1286, 1294 (7th Cir. 1989); *see also Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992) (allegations may be stricken if matter bears no possible relation to controversy). District courts have considerable discretion to strike allegations under Rule 12(f). *See Delta*, 554 F.3d at 1141-42.

## ANALYSIS

### I. Motion for a More Definite Statement

Applebrook argues that Plaintiff's complaint improperly lumps together Defendants and fails to distinguish between those actions committed by Defendants and their agents. The issue here, however, is whether under Federal Rule of Civil Procedure 8(a) Plaintiff has set forth sufficient facts to provide fair notice of his claims such that Applebrook may frame a responsive pleading. Here, Plaintiff provides a specific address for the property at issue and alleges specific dates and time periods in which Defendants unlawfully dispossessed and locked Plaintiff and his family from his home, performed property services, and showed Plaintiff's home to potential real estate investors. (Compl. ¶¶ 34-43.) With respect to the longer time period of September 2009 to July/August 2010, Plaintiff further alleges that Defendants and their agents "removed, damaged, and/or destroyed Plaintiff's personal property and fixtures at Plaintiff's premises" and threw Plaintiff's property into the street. (*Id.* ¶¶ 45, 46.) Moreover, Plaintiff has alleged some facts about each Defendant's type of business and role in the alleged conduct. (*Id.* ¶¶ 5-8; 24-25.) Specifically, Plaintiff alleges that Applebrook "provide[s] lender field services" for lenders like US Bank, and that US Bank, Litton, and Ocwen order such field services when a borrower is delinquent or in default to secure the property. (*Id.* ¶¶ 24-25.) Therefore, Plaintiff's allegations are not so "vague or ambiguous that Defendants cannot reasonably frame a responsive pleading." Fed. R. Civ. P. 12(3); *Criddell v. Transunion LLC*, No. 09 C 6235, 2010 WL 1693093, at *2 (N.D. Ill. Apr. 27, 2010) (granting motion for more definite statement of FDCPA allegations lacking "time or place" details); *see also Lemp v. Ocwen Loan Serv., LLC*, No. 08 C 35, 2008 WL 2276935, at *2 (D. Neb. May 30, 2008) ("While the complaint does not specifically allege which defendant committed which particular acts in violation of the FDCPA, additional detail and specificity can be obtained in discovery.") Thus, the Court denies Applebrook's Motion for a More Definite Statement.

### II. Motion to Dismiss for Failure to State a Claim

In its Rule 12(b)(6) Motion, Applebrook challenges Plaintiff's ICFA claim in Count V and request for declaratory and injunctive relief in Count VI.[1] The Court will consider each argument in turn.

#### A. Count V: ICFA Claim

Applebrook argues that Plaintiff fails to state a claim under the ICFA for two reasons: (1) Plaintiff does not satisfy the requirement to plead its allegations with particularity under Federal Rule of Civil Procedure 9(b) ("Rule 9(b)"); and (2) Plaintiff fails to allege a nexus between Applebrook's alleged conduct and consumer protection concerns. (Def.'s Mem. 7.)

Applebrook's reliance on Rule 9(b) is misplaced. When a plaintiff alleges unfair conduct as opposed to fraud as the basis for an ICFA claim, the pleading standards of Rule 8, and not 9(b) govern. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 446 (7th Cir. 2011) ("When a claim alleges an unfair practice, the relaxed pleading standards of Rule 8 do indeed govern."); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 670 (7th Cir. 2008). Here, Plaintiff asserts that he "brings a claim of unfair conduct or practice under the ICFA." (Pl.'s Mem. 8.) Thus, the standard in Rule 8 applies.

---

[1] Because the Court has already addressed Applebrook's arguments against Plaintiff's FDCPA claim and request for a declaratory judgment in its Order granting in part and denying in part the Joint Motion to Dismiss, the Court denies as moot the remainder of Applebrook's Motion with respect to Plaintiff's FDCPA claim.

Next, Applebrook argues that Plaintiff has failed to sufficiently allege that he is a "consumer" within the meaning of the ICFA. Specifically, Applebrook contends that Plaintiff's claim fails because Plaintiff is not a direct "consumer" of Applebrook's services or similar to other Applebrook consumers, and in the alternative, that Plaintiff has failed to plead a "consumer nexus" with the alleged conduct. (Def.'s Mem. 8.)

An ICFA claim requires a showing of the following: "(1) a deceptive or unfair act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deceptive or unfair practice; and (3) the unfair or deceptive practice occurred during a course of conduct involving trade or commerce." *Wigod*, 673 F.3d at 574 (citing *Siegel v. Shell Oil Co.*, 612 F.3d 932, 934 (7th Cir. 2010)). The ICFA defines a consumer as "any person who purchases or contracts for the purchase of merchandise not for resale in the ordinary course of his trade or business but for his use or that of a member of his household." ILCS 815 § 505/1(e). Courts should construe the ICFA "liberally . . . to effect its purposes." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 186-87, 835 N.E.2d 801, 853 (2005) (internal quotations omitted).

Applebrook's contention that Plaintiff must allege that he directly consumes Applebrook's services to state an ICFA claim is unpersuasive. In the context of an ICFA claim based upon a breach of contract between two businesses, courts have rejected this argument. *Lake County Grading Co. of Libertyville, Inc. v. Advance Mech. Contractors, Inc.*, 275 Ill. App. 3d 452, 458, 654 N.E.2d 1109, 1115 (Ill. App. Ct. 1995) ("Rather, as Downers Grove recognized, there are some cases where the Act applies despite the fact that the parties are not consumers of each other's goods or services."). Rather, in these circumstances, a non-consumer plaintiff may prevail by alleging a consumer nexus with the alleged conduct. *Leonel & Noel Corp. v. Cerveceria Centro Americana, S.A.*, No. 08 C 5556, 2009 WL 981384, at *4 (N.D. Ill. Apr. 13, 2009) (citing *Athey Prods. Corp. v. Harris Bank Roselle*, 89 F.3d 430, 437 (7th Cir. 1996)) ("A plaintiff that is not a consumer can only maintain an ICFA claim by sufficiently alleging a 'consumer nexus.'")

Although Illinois courts are split as to whether the "consumer nexus" test applies to claims by individual as well as business non-consumers, *Thrasher-Lyon v. Ill. Farmers Ins. Co.*, 861 F. Supp. 2d 898 (N.D. Ill. 2012) is instructive. In recognizing the split in authority, the *Thrasher-Lyon* court applied the consumer nexus test to an individual consumer and noted that "[a] contrary holding, that businesses have standing to vindicate such concerns while natural persons do not, would be anomalous . . . and [there is] no basis in the [ICFA] itself or elsewhere for drawing such a distinction." *Thrasher*, 861 F. Supp. 2d at 911 (quoting *Bank One Milwaukee v. Sanchez*, 336 Ill. App. 3d 319, 324, 270 Ill. Dec. 642, 642, 783 N.E.2d 217, 221 (Ill. App. Ct. 2003)). Accordingly, the Court will apply the consumer nexus test to Plaintiff's claim.

Applebrook's argument that Plaintiff has failed to allege a consumer nexus similarly fails. A consumer nexus requires a showing of "trade practices directed to the market generally" or that the conduct "otherwise implicates consumer protection concerns." *Athey*, 89 F.3d at 438; *Leonel & Noel Corp.*, 2009 WL 981384, at *4. Here, Plaintiff alleges that as an "established" practice Defendants tracked Plaintiff and other borrowers' loans en masse and unlawfully ordered property services during periods when Plaintiff and other borrowers had a right to remain in their homes. (Compl. ¶¶ 3, 25, 27, 62, 91, 97.) Thus, viewing the allegations in the light most favorable to Plaintiff, Plaintiff's allegations are sufficient to survive a motion to dismiss. *See Boyd v. U.S. Bank, N.A., ex rel. Sasco Aames Mortg. Loan Trust, Series 2003-1*, 787 F. Supp. 2d 747, 756 (N.D. Ill. 2011) (allegations that defendants broke into plaintiff's home and dispossessed him of his property without notice or court approval was sufficient factual predicate for ICFA claim); *CustomGuide v. CareerBuilder, LLC*, 813 F. Supp. 2d 990, 1001 (N.D. Ill. 2011) (allegations that defendant "intended that general consumers and the general public rely on its unfair, unlawful and deceptive business practices" sufficient). Contrary to Applebrook's argument, *Thrasher-Lyon* is distinguishable, because there the plaintiff failed to allege "how Defendants' actions or representations concerned consumers other than Plaintiff or how their actions involved consumer protection concerns." 861 F. Supp. 2d at 912. The Court, therefore, denies Applebrook's Motion as to Plaintiff's ICFA claim.

### III. Injunctive Relief

In Count VI, Plaintiff seeks "corresponding injunctive relief," including "equitable relief" and "a Court order directing Defendants to refrain from their unlawful premature entry into and/or control over Class member homes." (Compl. ¶ 103.) Applebrook challenges Plaintiff's request for injunctive relief on the ground that he has failed to plead "that he is threatened with irreparable harm." (Def.'s Reply 12.) As the issue of Plaintiff's entitlement to injunctive relief is premature at this stage, Applebrook's argument fails. *Stevens v. Interactive Fin. Advisors, Inc.*, No. 11 C 2223, 2012 WL 689265, at *6 (N.D. Ill. Mar. 2, 2012). Nonetheless, because injunctive relief is not properly pled as an independent cause of action, the Court instead construes it as a request for relief and strikes any references to it in Plaintiff's Complaint as a cause of action. *Artistic Framing, Inc. v. Hospitality Res., Inc.*, No. 12-CV-6997, 2013 WL 317019, at *2 (N.D. Ill. Jan. 24, 2013); *Hanover Ins. Grp. v. Singles Roofing Co., Inc.*, No. 10 C 611, 2012 WL 2368328, at *9 (N.D. Ill. June 21, 2012) (noting preliminary injunction not appropriately pled as substantive cause of action).

### IV. Motion to Strike Request for Attorney's Fees

Lastly, Applebrook argues that the Court should strike Plaintiff's request for attorney's fees because Plaintiff fails to sufficiently allege his FDCPA and ICFA claims, which are the only claims for which Plaintiff may be entitled to fees. *See* ILCS § 505/10a(c); 15 U.S.C. § 1692k(a)(3). Because Plaintiff's ICFA claim and FDCPA claim in part survive Applebrook's Motions and the Joint Motion to dismiss, the Court denies Applebrook's Motion to Strike Attorney's Fees.

### CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part the Motions.